# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Julius Price (#2012-0603129), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 4630 |
| ) | |
| Thomas Dart, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

CHARLES P. KOCORAS, District Court Judge:

Plaintiff Julius Price, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Price claims that Defendant Natasha Mosley, a correctional officer at the jail, violated Price's constitutional rights by using unjustified force against him and then denying him needed medical care for his injuries. Now before the Court is Mosley's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. 24.) For the following reasons, the motion is granted.

## LEGAL STANDARDS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). To survive a motion for judgment on the pleadings under Rule 12(c), "the complaint must state a claim that is plausible on its face." *Vinson v. Vermilion Cnty, Ill.*, 776 F.3d 924, 928 (7th Cir. 2015); *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir.

2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lodholtz*, 778 F.3d at 639 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

When considering a motion for judgment on the pleadings, a district court employs the same standard that is applicable to a motion to dismiss under Rule 12(b)(6), accepting as true all facts alleged in the complaint and construing all reasonable inferences in favor of the non-moving party. *Lodholtz*, 778 F.3d at 639; *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013); *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012). In so doing, the district court "must consider not only 'the complaint itself,' but also 'documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.'" *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)) (discussing review of motions under Fed. R. Civ. P. 12(b)(6)) (citations omitted); *see also* Fed. R. Civ. P. 10(c).

## BACKGROUND

Plaintiff Julius Price is a pretrial detainee in the custody of the Cook County Department of Corrections. Defendant Mosley is a Cook County corrections officer. Price's complaint alleges that on August 19, 2012, he received a regular dinnertime meal instead of his prescribed diet tray. Price further alleges that Mosley refused to rectify this problem; Price therefore demanded to speak to a supervisor; and Mosley

2

ignored Price and locked him in his cell. According to Price's complaint, later that evening, Price again insisted on speaking to a "white shirt," and Mosley eventually became angry and slammed the steel door of Price's cell shut on Price's arm. The complaint further alleges that Price requested medical attention, but Mosley denied Price access to treatment and instead called Price derogatory names. The next day, a sergeant allegedly noticed that Price's arm was swollen; and after Price told the sergeant what had happened, the sergeant escorted Price to Cermak Hospital.

Price filed a grievance within the next few days. (Complaint Ex. A (Inmate Grievance Form), Dkt. 1 at 13.) The first page of Price's grievance form is entitled "Inmate Grievance Form" (Complaint Ex. A, Dkt. 1 at 13); the second page is entitled "Inmate Grievance Response/Appeal Form." (*Id.* at 14.) The bottom half of the Response page has a section labeled "Inmate's Request for an Appeal," which conveys the following bullet-pointed admonition: "To exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response." (*Id.*) On September 1, 2012, in response to Price's grievance, the grievance officer stated: "In summary, Ofc. Mosley stated that she did not in any manner conduct herself in an unprofessional way." (*Id.* at 14.) The superintendent signed off on this response to Price's grievance on September 2, 2012, and Price signed his acknowledgment of this response on September 9, 2012. (*Id.*)

About eight months later, in May 2013, Price filed another grievance concerning the events of August 2012. (Complaint Ex. C ("Inmate Grievance Form" page 1), Dkt. 1 at 15.) In this second grievance, Price stated that he had been

3

previously unaware of his right to appeal and that he "would like to exhaust [his] administrative remedies concerning this matter." (Exhibit D (Inmate Grievance Form" page 2), Dkt. 1 at 16.) A superintendent (or his or her designee) denied this grievance on May 30, 2013, stating: "Any Grievance Appeal must be filed within 14 days of receiving a response. A control number was previously given." (Complaint Ex. E (Inmate Grievance Response /Appeal Form), Dkt. 1 at 17.)

Some eight months later, in December 2013, Price reiterated that he wished to appeal the denial of his grievance, asserting that the previous grievance officer had failed to advise him of his appeal rights. (Complaint Ex. F ("Inmate Grievance"), Dkt. 1 at 18.) Correctional officials likewise rejected this second attempted appeal. (Complaint Ex. G ("Inmate Grievance Response/Appeal Form"), Dkt. 1 at 19.) In denying this grievance, the Inmate Services Administrator wrote as follows: "Detainee advised that in order to appeal a grievance, it must be done within 14 days of the date the inmate received the response. . . . Request denied—Inmate (ALL inmates) are provided courtesy notification when he/she signs receipt of each response—this notification is an addition to handbook." (*Id.*)

Price admits that he did not appeal the September 2, 2012 decision relating to his grievance, but argues that he never received an inmate handbook when he arrived at the jail, and that the counselor who provided him with the response to his grievance failed to advise him of his right to appeal, and perhaps even misinformed him about the opportunity to appeal. (*See* Plaintiff's Response to Defendant's Motion, Dkt. 33, at 1-2.) Price alleges that he has lingering disability stemming

4

from Mosley's alleged use of force and the purported delay in receiving medical treatment. According to Price's complaint, he has limited mobility and continues to have pain in the injured arm, for which he still takes pain medication.

## ANALYSIS

For the following reasons, the Court concludes that Price failed to exhaust properly his administrative remedies before bringing suit. Accordingly, the Court cannot consider Price's claims on the merits and therefore grants Mosley's motion for judgment on the pleadings.

To allow corrections officials to address complaints internally, prisoners must exhaust their administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 204 (2007); *Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. The defendant bears the burden of proving that a prisoner failed to exhaust a claim. *Turley v. Rednour*, 729 F.3d 645, 649-50 (7th Cir. 2013); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

"To exhaust administrative remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."

5

*Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Dale*, 376 F.3d at 655. "[I]t is essential to keep the courthouse doors closed until [exhaustion] efforts have run their course." *Ford*, 362 F.3d at 398. A prisoner must therefore utilize the institutional grievance process available to him before filing a lawsuit. *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Howard v. Maselko*, No. 11 C 9278, 2013 WL 1707955, at *2 (N.D. Ill. Apr. 19, 2013).

The Cook County Department of Corrections has an established grievance procedure available to all inmates, which requires an inmate to file a grievance and an appeal. *Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005). An inmate is required to submit a grievance in a designated lockbox within fifteen days of the matter being aggrieved; grievances are picked up daily by the Correctional Rehabilitation Worker (CRW), who must address a grievance within thirty days; and, if dissatisfied, the inmate must bring an appeal within fourteen days of receiving the response. *Stallings v. Cook County*, No. 11 C 7349, 2013 WL 3669623, *4 (N.D. Ill. July 12, 2013); *see also* Complaint Ex. A, Dkt. 1, at 14. Here, Price admits that he did not timely appeal his first-filed grievance in September 2012. (*See* Response, Dkt. 33, at 1-2.) The Prison Litigaution Reform Act thus bars his federal lawsuit.

Prison officials' failure to respond to an inmate's grievances may render administrative remedies "unavailable," and thus the court may excuse the prisoner from pursuing them further. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). "Prison authorities cannot immunize themselves from suit by establishing

6

procedures that in practice are not available because they are impossible to comply with or simply do not exist." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015); *see also Lewis*, 300 F.3d at 833 ("we refuse to interpret the PLRA so narrowly as to permit prison officials to exploit the exhaustion requirement through indefinite delay") (internal formatting omitted); *Johnson v. Litscher,* 260 F.3d 826, 829 (7th Cir. 2001) ("For the exhaustion requirement to apply, there must be some administrative remedy to exhaust."). This case, however, does not present a situation where correctional officials somehow impeded Price from pursuing the grievance process.

Here, Price's grievance was neither lost nor unanswered. Rather, Price maintains only that he never received an inmate handbook, and that the grievance officer failed to notify him verbally of his right to appeal. But even assuming these facts, the grievance form itself was adequately instructive. The second page of the form is entitled "Inmate Grievance Response/Appeal Form," and states halfway down the page, in large, highlighted font and capital letters: "INMATE'S REQUEST FOR AN APPEAL." (Complaint Ex. B, Dkt. 1, at 14.) Furthermore, the form specifically warns, "To exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response." (*Id.*) Thus, even if Price received no—or incorrect—information about the appeal process, the form itself plainly gave him notice. Price's failure to appeal the decision on his grievance therefore cannot be attributed to any obstruction by correctional officials.

Price's belated efforts to complete the exhaustion process months after the decision on his grievance are insufficient to resuscitate his claim. The rules

7

governing administrative exhaustion include time limits. *Pozo*, 286 F.3d at 1025. "Failure to comply with administrative deadlines dooms the claim except where the institution treats the filing as timely and resolves it on the merits." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005) (citing *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004)). When an inmate files a "timely and sufficient" grievance but does not file a "timely appeal," he has "therefore failed to exhaust his administrative remedies, and his federal suit must be dismissed." *Pozo*, 286 F.3d at 1025 (affirming dismissal of a prisoner civil rights claim on the basis of his failure to file a timely administrative appeal); *see also Clark v. United States*, 360 Fed App'x 660, 663 (7th Cir. 2009) (affirming summary judgment for failure to exhaust, where inmate declined to appeal denial of his grievance because he considered appeal futile, and not due to any interference by prison officials).

As in *Pozo* and *Clark*, Price's failure to appeal his grievance in a timely manner requires dismissal of his claim here. Because there is no dispute as to whether Price exhausted grievance procedures, moreover, no *Pavey* hearing is required. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Price's complaint is therefore dismissed for failure to exhaust administrative remedies prior to initiating suit. Mosley's request for dismissal with prejudice, however, is denied. The Seventh Circuit has held that dismissals under § 1997e(a) for failure to exhaust must be without prejudice, "even if exhausting administrative remedies will prove to be impossible." *See, e.g., Fluker v. Cnty of Kankakee*, 741 F.3d 787, 791-792 (7th Cir. 2013) (citing *Ford*, 362 F.3d at 400-01).

## CONCLUSION

For the foregoing reasons, Defendant Mosley's motion for judgment on the pleadings (Dkt. 24) is granted. The Court dismisses Price's complaint without prejudice pursuant to 42 U.S.C. § 1997e(a) on grounds of non-exhaustion. The Court directs the Clerk to enter final judgment pursuant to Fed. R. Civ. P. 58. The case is terminated.

If Price wishes to appeal this decision, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to proceed *in forma pauperis* on appeal should set forth the issues Price plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Price chooses to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal. *See, e.g., Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011). Furthermore, if the appeal is found to be non-meritorious, the Seventh Circuit Court of Appeals may also assess a "strike" under 28 U.S.C. § 1915(g). Price is further advised that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury.

ENTERED:

Dated: June 17, 2015

*Charles P. Kocoras*
CHARLES P. KOCORAS
United States District Court Judge